IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ELIZABETH ROGERS,** *Individually and on behalf of all wrongful death beneficiaries of Carter Earl Rogers, Deceased* **PLAINTIFF**

V.   CAUSE NO. 3:21-CV-150-CWR-FKB

**MISSISSIPPI DEPARTMENT OF CORRECTIONS; PELICIA HALL,** *Commissioner for The Mississippi Department of Corrections*; **RON KING,** *Superintendent of The Central Mississippi Correctional Facility*; **JOHN DOES 1-20**   **DEFENDANTS**

## ORDER

In November 2017, Carter Earl Rogers entered the custody of the Mississippi Department of Corrections in normal health. Three months later, he was dead. Specifically, according to the complaint:

> During his stay at CMCF late November of December of 2017 until the date of his death, Mr. Rogers began to have serious medical conditions. The healthcare providers at CMCF told Mr. Rogers and others at CMCF that Mr. Rogers' blood work was abnormal. Despite his health conditions, Mr. Rogers and other inmates reported to his family members that he was often made to live and sleep in deplorable conditions including having to sleep on the floor in water for at least one period of time. In addition to the illnesses which progressed during his stay, Mr. Rogers indicated to his family members that he had suffered an injury to his shoulder while working in the kitchen at CMCF. Plaintiff maintains that this injury exacerbated his illnesses. . . .
>
> Mr. Rogers' pain, suffering, and resultant death could have been prevented had the Defendants simply provided Mr. Rogers with the medical care and treatment for which they had been given actual and express notice that he needed. Nevertheless, as a result of the Defendants' policy, custom or practice of not sending inmates to the hospital, and/or as a result of the Defendants' deliberate indifference to the plight of Mr. Rogers, no such medical care was provided to Mr. Rogers. As such, Mr. Rogers's civil rights as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution were violated.

Docket No. 1 at 5. Rogers' wife filed this wrongful death suit on February 28, 2021, on the third anniversary of his death, seeking to hold MDOC and its leadership responsible for depriving her husband of his constitutional rights.

Now before the Court is the defendants' motion to dismiss. Docket No. 5. It contends that MDOC and its officials[1] are immune from suit in federal court under the Eleventh Amendment. It then contends that Superintendent Ron King, the only person sued in his individual capacity, is entitled to a defense called qualified immunity. The familiar legal standard applies.

The plaintiff does not challenge that the Eleventh Amendment applies to MDOC and those officials sued in their official capacities. Those parties must be dismissed. *See Stern v. Epps*, 464 F. App'x 388, 394 (5th Cir. 2012).

Next are the allegations against Superintendent King in his individual capacity. Unfortunately for the plaintiff, she has not set forth any allegations describing how King "personally caused" her husband's death. *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018). That means King too must be dismissed. *See id.* ("Section 1983 does not create supervisory or *respondeat superior* liability. Rather, a plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation.").

What remains is the plaintiff's request for discovery into the identity of the officers that mistreated her husband. Those officers are presently listed as John Doe defendants.

In some situations, district courts may authorize "limited discovery to determine the identity of [John Doe] Defendants." *Rathmann v. King*, No. 3:20-CV-33-KHJ-LGI, 2021 WL 1392839, at *3 (S.D. Miss. Apr. 12, 2021) (citation omitted). Such discovery would be futile

---

[1] Although Commissioner Hall was named in the complaint, she is to be automatically substituted with Commissioner Cain pursuant to Rule 25(d).

here. That is because in this Circuit, a plaintiff generally may not substitute a named defendant for a John Doe defendant after the statute of limitations has run. *See Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 840-42 (W.D. Tex. 2014) (collecting authorities); *see also Johnson v. Burnett*, No. 3:09-CV-734-CWR-LRA, 2011 WL 976579, at *5 (S.D. Miss. Mar. 17, 2011).

The analysis turns on whether the plaintiff filed suit with enough time to conduct discovery into the identity of the John Doe defendants. *Amin-Akbari*, 52 F. Supp. 3d at 842. And here, because the plaintiff filed suit on the last possible day before the running of the statute of limitations, there no longer is any time to identify and sue additional named defendants. As a result, discovery or amendment of the complaint would be futile, and the claims against the John Doe defendants must be dismissed as time-barred. *Id.*

The motion is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 4th day of August, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

3